

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable W. L. Edwards
County Attorney
Victoria County
Victoria, Texas

Dear Sir:

Opinion No. O-2862

Re: Election of third drainage
commissioner, Drainage
District No. 3, Victoria
County, Texas

We have received your letter of recent date requesting our
opinion upon the method of determining the third drainage
commissioner of Drainage District No. 3, Victoria County, Texas.
For factual background of your request, we quote from your
letter as follows:

"At the past General Election Commissioners for the above
Drainage District were voted on, as provided for by Article
8119 R.C.S. There were four in the race. Of these, two
received first and second place, and consequently are duly
elected. However, the remaining two tied for third place,
and we hereby request the opinion of your department to the
manner in which the third commissioner shall be elected.

"Article 8119 would seem to provide that in this instance
the third Commissioner is to be chosen by the Commissioner's
Court from the two who tied for third place, although this
statute to our mind is somewhat ambiguous. This was not the
first election to be held in the District, as it has been in
existence for a number of years."

Article 2953, Revised Civil Statutes, provides:

"At any election, if there be an equal number of votes given
to two or more persons for the same office, except executive
offices as provided in the Constitution, and no one elected
thereto, the officer to whom the returns are made shall
declare such election void as to such office only, and shall
immediately order another election to fill such office; and
notice shall be given, and such other election shall be held
in the same manner as the general election."

Article 2953, supra, was enacted in 1876, and was in effect in 1918 when the 35th Legislature, 4th Called Session, enacted Article 8119, Vernon's Civil Statutes, 1925, which reads:

"After a district is so established, upon the petition of a majority of the real property taxpayers of the district, praying for the election of three drainage commissioners, the Court shall immediately order an election for said purpose at the earliest legal time, to be held as other elections hereunder, and shall declare the three persons receiving the highest number of votes to be elected. If the third highest vote be tied, the Court shall elect the third commissioner from those tying for the place. Such commissioners so elected, when duly qualified hereunder, shall be the legal and rightful drainage commissioners for such district within the full meaning and purpose of this law. Such commissioners shall hold office until the next regular election for State and county officers, and shall then and thereafter be elected every two years at such general election."   (Emphasis ours)

Article 8113, Vernon's Civil Statutes, provides in part:

"....All such elections shall be conducted in the manner provided by the general election laws, unless otherwise provided...." (Emphasis ours)

The "elections" referred to in Article 8113, supra, is any election held under Chapter 7, Title 128, Vernon's Civil Statutes, 1925, pertaining to drainage districts, and which chapter embodies said Article 8119.

In writing this opinion we are, of course, assuming that a majority of the real property taxpayers of the district petitioned for the election of drainage commissioners in the first instance, as required by Article 8119, supra.

The Legislature, in enacting the underscored portion of Article 8119, supra, enacted same apparently for the express purpose of avoiding the provisions of Article 2953, supra, by providing for the election by the Commissioners' Court of the third drainage commissioner in the event of a tie vote for that place. It matters not whether this was the first election of such commissioners. Said Article 8119 does not provide that this same procedure shall not apply to subsequent elections, and we see no good reason why it should not so apply.

In the absence of the underscored portion of said Article 8119, which specifically provides the procedure to be

followed in the election of the third drainage commissioner in the event of a tie vote, the general election laws (Art. 2953) would apply, but in view of such specific provision in said Article 8119, the election of drainage commissioners is undoubtedly controlled by the provisions of said Article, in all matters and things covered by the provisions of said Article. Scherz vs. Telfer, 74 S.W. (2d) 327.

Therefore, it is our opinion that Article 8119, Vernon's Civil Statute, 1925, governs the election of the drainage commissioners' Court of Victoria County to elect the third drainage commissioner from the two candidates tying for the third place.

Trusting that the above satisfactorily disposes of your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

    s/ D. Burle Daviss

        D. Burle Daviss
            Assistant

APPROVED DEC. 10, 1940

s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

DBD:AW/cg

APPROVED OPINION COMMITTEE
By BWB, Chairman